**Divier ALVAREZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 11–2946–ag.**

United States Court of Appeals, Second Circuit.

May 24, 2012.

Jon E. Jessen, Stamford, CT, for Petitioner.

Tony West, Assistant Attorney General; Song Park, Senior Litigation Counsel; Timothy G. Hayes, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, BARRINGTON D. PARKER, and RAYMOND J. LOHIER, Jr., Circuit Judges.

### SUMMARY ORDER

Divier Alvarez, a native and citizen of Colombia, seeks review of a June 30, 2011, order of the BIA affirming the March 10, 2010, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Divier Alvarez*, No. A088 006 199 (B.I.A. June 30, 2011), *aff'g* No. A088 006 199 (Immig. Ct. Hartford Mar. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir.2009).

Alvarez challenges the agency's denial of his application for withholding of removal. However, the agency reasonably found that the harm Alvarez personally suffered—a warning letter from the Revolutionary Armed Forces of Colombia ("FARC") over a land dispute and a general threat not to report the kidnaping of his brother—was, when considered in the aggregate, insufficiently severe to constitute persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341–42 (2d Cir. 2006); *Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d 408, 412 (2d Cir.2006) (per curiam). As the agency reasonably concluded that Alvarez did not suffer past persecution, he is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.16(b)(1).

To the extent Alvarez argues that he established a clear probability of future persecution independent from his claim of past persecution, he has not identified any record evidence or testimony to support this position. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (a fear is speculative and not objectively reasonable if it lacks "solid support in the record"). As the agency reasonably determined that Alvarez failed to demonstrate that he suffered past persecution or established a clear probability of future persecution, the agency did not err in denying his application for withholding of removal. *See Ivanishvili*, 433 F.3d at 341; *Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d at 412.

Alvarez also argues that the IJ did not enter an explicit credibility finding in his decision. While Alvarez is correct, the IJ's oversight was harmless because his decision implicitly credited Alvarez's testimony and denied Alvarez's claim on the merits. *See, e.g., Ajdin v. Bureau of Citizenship and Immigration Services*, 437 F.3d 261, 266 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).